# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Hydra LLC

**DEFENDANTS**
3JM, LLC, a Michigan limited liability company; Emil Israilov, an individual; Fredric L. Lusky, aka Fred Lusky, an individual; G & B Enterprise, Inc., a Virginia corporation; Jeffrey S. Kent, aka Jeff Kent, and DOES 1-20, inclusive

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Los Angeles

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jared V. Gordon, Esq.
6083 N. Figarden Dr., # 149
Fresno, CA 93722
(559) 274-9545

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 7701, et seq. - Defendants misappropriated e-mail suppression lists and are exposing Plaintiff to major FTC fines and/or prosecution for violation of CAN-SPAM Act of 2003. This is a diversity case under 28 U.S.C. § 1391, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☑ 190 Other Contract | | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
  Los Angeles County

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
  Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_     Date 2/13/08

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Hydra LLC

PLAINTIFF(S)

v.

3JM, LLC
[see attached]

DEFENDANT(S).

CASE NUMBER

CV08-01063 ODW (MANx)

SUMMONS

TO: DEFENDANT(S): [see attached]

A lawsuit has been filed against you.

Within **20** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Jared V. Gordon, Esq., whose address is 6083 N. Figarden Drive #144, Fresno, CA 93722. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: FEB 15 2008

Clerk, U.S. District Court

By: M. Hernandez
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                            SUMMONS

Attachment to Summons

Defendants:

3JM, LLC, a Michigan limited liability company;
Emil Israilov, an individual;
Fredric L. Lusky, aka Fred Lusky, an individual;
G&B Enterprise, Inc., a Virginia corporation;
Jeffrey S. Kent, aka Jeff Kent, an individual; and
DOES 1-20

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

**CV08- 1063 ODW (MANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Jared V. Gordon, Esq. (SBN 227980)
6083 N. Figarden Dr.
# 149
Fresno, CA 93722
(559) 274-9545 [Tel.]
(559) 272-5097 [FAX]
Attorney for Plaintiff,
Hydra, LLC

FILED
CLERK, U.S. DISTRICT COURT
FEB 15 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTIC OF CALIFORNIA

### WESTERN DIVISION – SPRING STREET COURTHOUSE

| | |
|---|---|
| HYDRA LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> 3JM, LLC, a Michigan limited liability company; EMIL ISRAILOV, an individual; FREDRIC L. LUSKY, aka FRED LUSKY, an individual; G & B ENTERPRISE, INC. a Virginia corporation; JEFFREY S. KENT, aka JEFF KENT, an individual; and DOES 1-20, <br><br> Defendants. | USDC Case No.: <br> **CV08-01063 ODW (MANx)** <br><br> COMPLAINT FOR: <br><br> INJUNCTIVE AND OTHER EQUITABLE RELIEF |

1.  Plaintiff, HYDRA LLC, doing business as HYDRA NETWORK (hereinafter "HYDRA"), as and for its Complaint against the defendants, 3JM, LLC, a Michigan limited liability company; FREDRIC L. LUSKY, aka FRED LUSKY; EMIL ISRAILOV, an individual; G & B ENTERPRISE, INC., a Virginia corporation; JEFFREY S. KENT, also known as JEFF KENT, an individual; and DOES 1-20, brings this lawsuit to obtain preliminary and permanent injunctive relief, rescission of contracts, restitution, redress, disgorgement and other equitable relief for Defendants' deceptive and unfair acts or practices in violation of CAN-SPAM, 15 U.S.C. § 7701, *et seq.*

HYDRA respectfully states and alleges as follows:

COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF - 1

## I. STATEMENT OF JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter based on diversity of citizenship, pursuant to 28 U.S.C. § 1391. Additionally, the forum selection clause, Section 11.1 of the contracts ("HYDRA NETWORK TERMS AND CONDITIONS") between HYDRA and 3JM and G & B are signed by said defendants and confirm their consent to jurisdiction in the Courts of California and venue in Los Angeles County. A true and correct copy of the "Hydra Network Terms and Conditions," which were signed by Defendant 3JM, LLC at 12:46:02 P.M. on May 29, 2007 and by Defendant G & B Enterprise, Inc. At 7:12:41 P.M. on October 31, 2007, is attached hereto as Exhibit "A" and incorporated by this reference with the same force and effect as though fully set forth herein.

3. Venue in the United States District Court for the Central District of California is proper under 28 U.S.C. § 1391(b)(2).

## II. PLAINTIFF

4. HYDRA is a limited liability company organized and existing under the laws of the State of Delaware, with its principal office located at 8800 Wilshire Boulevard, Second Floor, Beverly Hills, California 90211. HYDRA does business under the names and styles of "Hydra LLC" and "Hydra Network." At all relevant times, HYDRA was and is a limited liability company eligible to do business in California.

5. HYDRA is a performance-based advertising network which delivers over a million new customers per month to hundreds of online advertisers over the Internet.

6. HYDRA is subject to the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM"), 15 U.S.C. § 7701, *et seq.*

## III. DEFENDANTS

7. Upon information and belief, defendant 3JM, LLC (hereinafter "3JM") was and is a limited liability company organized and existing under the laws of the State of Michigan, with its principal office located at 29226 Orchard Lake Road, Suite 210, Farmington Hills, Michigan 48334. At all relevant times, defendant 3JM was a limited liability company eligible to do business in Michigan. 3JM has formulated, directed, controlled, or participated in the acts or

1  practices set forth in this Complaint. 3JM has transacted business in the Central District of
2  California and throughout the United States.
3         8.      Upon information and belief, Fredric L. Lusky, aka Fred Lusky (hereinafter
4  "LUSKY") signed the Articles of Organization of 3JM on or about August 21, 2006 and caused
5  said Articles to be filed with the Michigan Department of Labor & Economic Growth – Bureau
6  of Commercial Services. Upon further information and belief, LUSKY is a resident and
7  domiciliary of the State of Michigan. LUSKY has formulated, directed, controlled, or
8  participated in the acts or practices set forth in this Complaint. LUSKY has transacted business
9  in the Central District of California and throughout the United States.
10        9.      Upon information and belief, Emil Israilov (hereinafter "ISRAILOV") was and is
11 a natural person who was and is at all times relevant to the subject matter of this lawsuit an
12 employee of 3JM and who was the "contact person" who handled 3JM's communications with
13 HYDRA. Upon further information and belief, ISRAILOV is a resident and domiciliary of the
14 State of Michigan. ISRAILOV has formulated, directed, controlled, or participated in the acts
15 or practices set forth in this Complaint. ISRAILOV has transacted business in the Central
16 District of California and throughout the United States.
17        10.     Upon information and belief, G & B ENTERPRISE, INC. (hereinafter "G & B")
18 was and is a corporation organized and existing under the laws of the State of Virginia, with its
19 principal place of business located at 11325 Sadler Green Lane, Glen Allen, Virginia 23060. At
20 all relevant times, defendant G & B was a corporation eligible to do business in Virginia. G &
21 B has formulated, directed, controlled, or participated in the acts or practices set forth in this
22 Complaint. G & B has transacted business in the Central District of California and throughout
23 the United States.
24        11.     Upon information and belief, Jeffrey S. Kent, aka Jeff Kent (hereinafter "KENT")
25 was and is a natural person who was and is at all times relevant to the subject matter of this
26 lawsuit an employee of G & B and who was the "contact person" who handled G & B's
27 communications with HYDRA. Upon further information and belief, KENT is a resident and
28 domiciliary of the State of Virginia. KENT has formulated, directed, controlled, or participated

1  in the acts or practices set forth in this Complaint. KENT has transacted business in the Central
2  District of California and throughout the United States.
3      12.   HYDRA is ignorant of the true names and capacities of the defendants sued
4  herein as DOES 1 through 20, inclusive, and therefore sues said Defendants by such fictitious
5  names. HYDRA will seek leave of Court to amend this Complaint to allege the true names and
6  capacities of DOES 1 through 20, inclusive, when such have been ascertained. HYDRA is
7  informed and believes and based thereon alleges that each of the fictitiously-named Defendants
8  is responsible in some manner for the wrongful acts hereinbelow alleged and that HYDRA's
9  injuries as hereinafter alleged were proximately caused thereby.

## IV. COMMERCE

13.   At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## V. DEFINITIONS

14.   "Electronic mail message" (or "email") means a message sent to a unique electronic mail address. 15 U.S.C. $7702(6).

15.   "Electronic mail address" means a destination, commonly expressed as a string of characters, consisting of a unique user name or mailbox (commonly referred to as the "local part") and a reference to an Internet domain (commonly referred to as the "domain part"), whether or not displayed, to which an electronic mail message can be sent or delivered. 15 U.S.C. § 7702(5).

16.   "Commercial electronic mail message" means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including the content on an Internet Web site operated for commercial purposes). 15 U.S.C. § 7702(2).

17.   "Header information" means the source, destination, and routing information attached to an electronic mail message, including the originating domain name and originating

electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message. 15 U.S.C. § 7702(8).

18. **"Initiate,"** when used with respect to a commercial email message, means to originate or transmit such message or to procure the origination or transmission of such message. 15 U.S.C. § 7702(9).

19. **"Procure,"** when used with respect to the initiation of a commercial email message, means intentionally to pay or provide other consideration to, or induce, another person to initiate such a message on one's behalf. 15 U.S.C. § 7702(12).

20. **"Protected Computer"** means a computer which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States. 15 U.S.C. § 7702(13).

21. **"Sender"** means a person who initiates a commercial email message and whose product, service, or Internet Web site is advertised or promoted by the message. 15 U.S.C. § 7702(16).

22. **"Unsolicited Commercial Email"** or **UCE** is colloquially known as "spam," and is a commercial electronic mail message that the recipient has not previously consented to receive.

## VI. DEFENDANTS' BUSINESS ACTIVITIES

23. Since at least October 2001, and continuing to the present, Defendant LUSKY has initiated the transmission of commercial email messages to protected computers. The primary purpose of these commercial email messages has been the commercial advertisement or promotion of Internet Web sites. The commercial email messages market multiple goods or services, including adult entertainment, pornography, pharmaceuticals (including products advertised to "enhance" certain male body parts), and mortgage opportunities.

24. LUSKY (along with some of his associates such as Thomas Cowles; Andy Pope; Scott Maslow; Netbenders, LLC; Empire Towers, and others) has gained a reputation as a notorious spammer and has been sued successfully by Earthlink, Inc. in its efforts to obtain

redress and injunctive relief against the notorious "Alabama Gang" of spammers that plagued Earthlink and exposed it to many complaints from its subscribers. HYDRA respectfully requests this Honorable Court to take judicial notice of EARTHLINK, INC. vs. POPE, et al., USDC (ND of Ga., Atl. Div.) USDC Case No. 1:03-CV-2559-JOF (J. Owen Forrester, Senior United States District Judge, presiding). [A true and correct copy of the Opinion and Order is attached hereto as Exhibit "B."]

25. LUSKY and the other defendants are also subject to CAN-SPAM.

## VII. SUPPRESSION LIST ABUSE

26. CAN-SPAM requires, among other things, that emailers provide email recipients with a so-called "opt-out" mechanism which allows the recipient of UCE to inform the sender thereof that the recipient does not want to receive commercial emails from that sender. Under CAN-SPAM, the sender has 10 days to delete the recipient's name from its email mailing lists. Typically, the recipient simply needs to press an "unsubscribe" or "opt-out" button on its computer screen through a mouse click and the opt-out message is sent to the sender with a confirmation that the email address in question is valid and working. The senders are required to maintain a record of these "opt-out" email addresses and virtually all do, in the form of what are called in the Internet advertising industry "suppression lists."

27. In Internet advertising, there are "advertisers," who author commercial offers for goods and/or services. There are also "publishers," who drive these commercial offers to email addresses or to websites with commercial content.

28. Under CAN-SPAM, advertisers are supposed to provide their suppression lists to the publishers who provide commercial affiliate or publishing services. Before the publishers or the networks on which they operate (e.g., HYDRA) allow commercial offers to be sent to email addresses, the publishers must first compare their email address list against the suppression list addresses, and remove the suppression list email addresses from their target email lists. After this "scrubbing" operation is complete, then the advertiser's offers can be distributed by the affiliates or publishers.

29. The suppression lists have potentially great value to those engaged in illicit "spamming" since the lists represent verified email addresses to whom UCEs can be distributed, notwithstanding the CAN-SPAM prohibitions.

30. Unscrupulous affiliates or publishers can get access to these suppression lists by posing as bona fide affiliates or publishers in the following way: (A) a company or an individual contacts an Internet advertising network such as HYDRA, applying for membership as an affiliate and/or publisher on that network; (B) the network gets some background information on the prospective affiliate/publisher and then sets up an account with a User ID and a password; (C) the prospective affiliate/publisher then has access to the network and can access the various suppression lists that have been downloaded to the network by the advertisers so that the CAN-SPAM "scrubbing" process can take place and allow the legitimate affiliates/publishers to begin to run the advertising campaigns.

31. The Defendants, and each of them, misrepresented to HYDRA their intention to act as legitimate affiliates of HYDRA's affiliate network. Defendants 3JM and G&B each agreed to a contract with HYDRA (the Hydra Network Terms and Conditions, attached hereto as Exhibit "A") in which they contracted to provide advertising services to HYDRA and its advertisers. However, 3JM or G&B provided little to no advertising services for HYDRA, and instead used their affiliate status to gain access to the suppression lists and other confidential data available on HYDRA's affiliate network.

32. As is indicated in the attached **Declaration of Alexander T. Labbett**, starting on December 4, 2007 and continuing until January 14, 2008, 3JM and G & B (with the assistance of the other Defendants) downloaded hundreds of suppression lists from the HYDRA network involving well over a thousand campaigns and did not send out any advertising offers thereafter. These defendants downloaded the suppression lists in a way which clearly and unmistakably revealed that they were the result of the execution of "scripts," computer programs that quickly ran through the computer files of HYDRA, which then downloaded the suppression lists to the defendants' computers.

///

## VIII. IMMINENT DANGER OF IRREPARABLE HARM

33. The attached **Declaration of Alexander T. Labbett** makes clear that there is imminent danger of irreparable harm to HYDRA by the use of the misappropriated suppression lists, which requires the immediate intervention of this Honorable Court to preclude.

34. It is very probable that the Defendants will use the misappropriated suppression lists to mail out hundreds of thousands or millions of UCEs, all to recipients who have previously requested that they not receive advertising offers from the various advertisers whose suppression lists were illicitly obtained by the Defendants. HYDRA and its various advertisers will suffer incalculable reputational injury among the recipients of these emails if the Defendants send unsolicited commercial emails to the email addresses in the misappropriated suppression lists. Additionally, HYDRA will be exposed to potential civil liability and FTC civil fines pursuant to 15 U.S.C. 7705(a).

## IX. INDIVIDUAL AND BUSINESS INJURY

35. The very nature of the misappropriations of the suppression lists described above and the history of the people behind 3JM's and G&B's misappropriation of suppression lists strongly suggest that the Plaintiff and its advertiser clients will be exposed to virtually unlimited harm in the form of civil complaints (pursuant to 15 U.S.C. 7705(a) or otherwise), possible FTC action and/or possible civil prosecutions by attorneys general.

36. Individuals and businesses throughout the United States and beyond have suffered, and continue to suffer, substantial monetary loss and other injury as a result of Defendants' unlawful acts or practices. In addition, Defendants have been unjustly enriched as a result of their unlawful practices. Absent injunctive and other equitable relief by this Court, Defendants are likely to continue to injure vast numbers of consumers, reap unjust enrichment, and harm the public interest.

## X. THIS COURT'S POWER TO GRANT RELIEF

37. Rule 65(b)(1) of the Federal Rules of Civil Procedure empowers this Court to grant injunctive and other ancillary equitable relief to prevent and remedy Defendants' violations of the HYDRA Network Terms and Conditions and in the exercise of its equitable

jurisdiction, to award redress to remedy the injury to individuals and businesses, to order the disgorgement of monies resulting from Defendant's unlawful acts or practices, and to order other ancillary equitable relief. Regardless of whether or not HYDRA has standing under CAN-SPAM, HYDRA has standing to take affirmative steps to protect itself from any actions that may subject it to civil and/or criminal actions that might be engendered by impending violations of CAN-SPAM by the Defendants. Indeed, HYDRA is obligated pursuant to 15 U.S.C. 7705(a) to take affirmative steps to prevent the sending of unsolicited commercial emails by the Defendants. This Complaint and the relief sought in the form of a Temporary Restraining Order, a Preliminary Injunction, and Declaratory Relief represent such affirmative steps as HYDRA believes the Court can provide.

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff HYDRA, pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, and the Court's own equitable powers, requests that the Court:

1. Enter an order enjoining Defendants preliminarily and permanently from violating Section 5 of the FTC Act, CAN-SPAM by using the suppression lists obtained from HYDRA's network, and preserving Defendants' assets;

2. Award such relief as the Court finds necessary to address injury resulting from Defendant's violations of the FTC Act and CAN-SPAM, including, but not limited to, rescission of contracts, restitution, redress, disgorgement of ill-gotten gains, and the refund of monies paid; and

3. Award Plaintiff the costs of bringing this action, as well as such other and additional relief as the Court may determine to be just and proper.

DATED: February 13, 2008

Respectfully submitted,

Jared V. Gordon, Esq., Attorney for Plaintiff
Hydra LLC